UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re FIDDLER GONZALEZ & RODRIGUEZ, P.S.C.<br>         Debtor.<br><br>NOREEN WISCOVITCH-RENTAS, as<br>Chapter 7 Trustee<br>         Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, AON RISK SOLUTIONS OF PUERTO RICO, INC., JOSE ACOSTA-GRUBB, JOSE JULIAN ALVAREZ, CHARLES A. BIMBELA, PEDRO MANZANO-YATES, EDUARDO NEGRON-NAVAS, RICARDO L. ORTIZ-COLON, JOSE A. SILVA-COFRESI, JOSE A. SOSA-LLORENS, VIVIAN REYES, CONJUGAL PARTNERSHIP ACOSTA-REYES, MARY DEAL, CONJUGAL PARTNERSHIP ALVAREZ-DEAL, WALESKA MORA-ALDEBOL, CONJUGAL PARTNERSHIP BIMBELA-ALDEBOL, CARMEN JUARBE, CONJUGAL PARTNERSHIP MANZANO-JUARBE, EMILY AREAN, CONJUGAL PARTNERSHIP AREAN-NEGRON, MARIA SANTOS, CONJUGAL PARTNERSHIP SANTOS-ORTIZ, JUAN C. PEREZ-OTERO, JANE DOE, CONJUGAL PARTNERSHIP PEREZ-DOE, JANET NAVARRETE, CONJUGAL PARTNERSHIP SILVA-NAVARETTE, DIANA LOZANO, CONJUGAL PARTNERSHIP SOSA-LOZANO, and MARIA I. SANTOS-RIVERA<br>         Defendants. | BANKRUPTCY<br>No. 17-03403-MCF<br><br>ADVERSARY<br>No. 19-00327-EAG<br><br>CIVIL ACTION<br>NO. 19-01651-WGY |

YOUNG, D.J.*

November 21, 2019

* Of the District of Massachusetts, sitting by designation.

**ORDER**

These motions to dismiss arise from the bankruptcy proceeding of the law firm Fiddler, González & Rodríguez, P.S.C ("Fiddler"). On May 16, 2017, Fiddler filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico, docketed as Bankr. No. 17-03403-MCF. Almost two years later, on May 14, 2019, Fiddler's Chapter 7 Trustee, Noreen Wiscovitch-Rentas ("the Trustee"), filed an adversary complaint in the Bankruptcy Court, docketed as Adv. No. 19-00327-EAG.

In her complaint, the Trustee asserts claims against nine of Fiddler's former directors and officers (the "D&O Defendants") for breach of fiduciary duties, avoidable transfers, recission of transfers, and objections to their claims as creditors. Ch. 7 Trustee's Adv. Compl. Damages ("Adv. Compl.") ¶¶ 202-278, ECF No. 1-3.[1] The Trustee brings additional claims against Fiddler's insurance company, Liberty Mutual Insurance Company ("Liberty"), for violation of the automatic stay, breach of contract, fraud, and breach of duty of good faith and fair dealing with respect to a disputed insurance

---

[1] The nine D&O Defendants named in the complaint are José Acosta Grubb, José Julián Álvarez, Charles A. Bimbela, Pedro J. Manzano Yates, Eduardo Negrón Navas, Ricardo L. Ortiz-Colón, Juan C. Pérez-Otero, José A. Silva Cofresí, and José A. Sosa-Lloréns. See Adv. Compl. 3 n.2.

[2]

policy for director-and-officer liability. Adv. Compl. ¶¶ 138-173.[2] After withdrawing the reference to the Bankruptcy Court, this Court heard argument on October 28, 2019 and denied in part the motions to dismiss of several D&O Defendants. Minute Order, ECF No. 67. The Court subsequently denied several motions to compel arbitration. See Memorandum & Order, ECF No. 95.[3]

In this Order, the Court DENIES the following motions to dismiss, two by D&O Defendants and one by Liberty, which were not yet ripe during the October 28 hearing: Mot. Dismiss Adv. Compl. Failure State Claim Mem. L. Supp. ("Acosta Grubb's Mot."), ECF No. 58; Mot. Dismiss Adv. Compl. Failure State Claim Mem. L. Supp. ("Negrón Navas' Mot."), ECF No. 59; and Mot. Dismiss Count 1 ("Liberty's Mot."), ECF No. 61.

I. **The D&O Defendants' Motions to Dismiss**

The two pending motions to dismiss of the D&O Defendants, ECF Nos. 58, 59, raise substantially the same arguments as offered in the previous motions to dismiss that were already rejected by this Court. See ECF Nos. 64-37, 64-70, 64-71, 64-72, 64-74, 64-78, 64-81. Specifically, the two pending motions

---

[2] The Trustee also brings claims against Fiddler's insurance broker, Aon Risk Solutions of Puerto Rico, Inc., arising from the same disputed insurance policy. But those claims are not at issue in these motions.

[3] The factual allegations against the D&O Defendants, drawn from the complaint, are summarized in the Court's Memorandum & Order 2-4, ECF No. 95.

[3]

contend that the Trustee's complaint lacks sufficient facts supporting any of the claims as to Eduardo Negrón Navas and José Acosta Grubb. Acosta Grubb's Mot. 20-28; Negrón Navas' Mot. 20-28. Both motions argue, for example, that the Trustee's allegations cannot overcome Puerto Rico's business judgment rule, which shields directors and officers acting in good faith from liability in the absence of "gross negligence." Acosta Grubb's Mot. 21-22 (citing P.R. Laws Ann. tit. 14 § 3563); Negrón Navas' Mot. 21-22 (same).

The Trustee, however, has sufficiently alleged both bad faith and gross negligence. See Adv. Compl. ¶¶ 227-230, 232-246; Trustee's Omnibus Resp. Opp'n Defs.' Mots. Dismiss Adv. Compl. 5-8. The business judgment rule poses a formidable barrier, to be sure, but in ruling on a motion to dismiss the Court must take all well-pled facts in the complaint as true and view them in the light most favorable to the Trustee. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Villeneuve v. Avon Products, Inc., 919 F.3d 40, 49 (1st Cir. 2019). Here, the Trustee states a claim of gross negligence by "alleg[ing] facts questioning 'whether [the directors and officers have] acted in a deliberate and knowledgeable way in identifying and exploring alternatives,'" W Holding Co., Inc. v. Chartis Ins. Company-Puerto Rico, 904 F. Supp. 2d 169, 177 (D.P.R. 2012) (Gelpi, J.)

(quoting Citron v. Fairchild Camera & Instrument Corp., 569 A.2d 53, 66 (Del. 1989)), and she also alleges bad faith conduct.

Furthermore, the Trustee has sufficiently alleged facts to support her claims for avoidable transfers, Adv. Compl. ¶¶ 250-253, 256-259; objection to claims and equitable subordination, id. ¶¶ 270-276; and relief against the conjugal partners and partnerships in accordance with Puerto Rican law, Adv. Compl. ¶¶ 277-278; Kodak Ams., Ltd. v. Caribbean Photo & Imaging Co., 242 F. Supp. 2d 117, 120 (D.P.R. 2002) (Fuste, J.).

Accordingly, the motions to dismiss of the D&O Defendants, ECF Nos. 58, 59, are DENIED.

### II. Liberty's Motion to Dismiss Count 1

The Trustee's various claims against Liberty arise from a disputed contract for a $7,000,000 insurance policy ("the Policy") issued by Liberty to Fiddler covering director-and-officer liability. Adv. Compl. ¶¶ 45-59; Liberty's Mot., Ex. 1, Executive Advantage Policy ("the Policy"), ECF No. 61-1. The Policy insured (1) Fiddler for damages incurred because of the D&O Defendants' wrongful acts, and (2) the D&O Defendants for defense costs. Adv. Compl. ¶ 46.

The complaint alleges that the Trustee and the D&O Defendants timely filed claims against the Policy, but Liberty denied the claims due to purported exceptions to the Policy's coverage related to insolvency (the "Insolvency Exceptions").

[5]

Id. ¶¶ 47-49. The Trustee alleges that these Insolvency Exceptions were not part of the contract between Fiddler and Liberty, and in fact Liberty fraudulently added them into the Policy after the bankruptcy petition in order to escape its contractual obligations. Id. ¶¶ 50-58. With these allegations, the Trustee has brought claims against Liberty for breach of contract and other state law claims. Id. ¶¶ 149-180. As relevant to Liberty's motion to dismiss, the Trustee also alleges that Liberty's modification of the Policy amounts to a violation of the automatic stay. Id. ¶¶ 138-148 (count I).

Liberty has moved to dismiss the charge of violation of the automatic stay (count I) on the grounds that (1) the Policy proceeds are not part of the "estate" for purposes of the automatic stay, see 11 U.S.C. § 541(a); (2) section 362(k) of the Bankruptcy Code provides only that "an individual" injured by willful violation of the automatic stay may sue for damages, not a corporation; and (3) Fiddler suffered no injuries as a result of Liberty's actions.

All three of Liberty's arguments are unavailing. The First Circuit has held that "language, authority, and reason all indicate that proceeds of a liability insurance policy are 'property of the estate.'" Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553, 560 (1st Cir. 1986) (Breyer, J.) ("The language of § 541(a)(1) is broad enough to cover an interest in

[6]

liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt -- debts accrued through, for example, the insured's negligent behavior." Id.); see also Cruz-Aponte v. Caribbean Petroleum Corp., No. 09-2092 (FAB), 2010 WL 11549418, *2-3 (D.P.R. Oct. 25, 2010).

It is true that Tringali involved proceeds payable only to the debtor, whereas here the Policy's proceeds are potentially payable both to Fiddler and to the D&O Defendants. Cf. In re SN Liquidation, Inc., 388 B.R. 579, 583-84 (Bankr. D. Del. 2008). That does not alter the fact that the Policy is payable to Fiddler in some circumstances, including direct coverage for claims against Fiddler and coverage for any indemnifying payments by Fiddler to the D&O Defendants. Liberty's alleged modification of the Policy therefore diminishes the estate's value, which implicates the automatic stay. See In re Minoco Group of Cos., Ltd., 799 F.2d 517, 519 (9th Cir. 1986) ("[L]iability policies meet the fundamental test of whether they are 'property of the estate' because the debtor's estate is worth more with them than without them."). Viewing the facts alleged in the complaint most favorably to the Trustee, the Court concludes that the Policy and its proceeds are subject to the automatic stay.

Liberty next argues that the Trustee is not "an individual" within the meaning of 11 U.S.C. § 362(k), and therefore she

[7]

lacks a cause of action to enforce a violation of the automatic stay. Although authority is split on the question whether section 362(k) provides a cause of action for a trustee, the Court agrees with Liberty that the words "an individual" are best read to exclude a trustee who, while clearly a natural person herself, acts on behalf of an estate. See In re Morgenstern, 542 B.R. 650, 658-59 (Bankr. D.N.H. 2015) (citing conflicting case law and agreeing with the authorities holding that a trustee is not "an individual" under section 362(k)); 3 Collier on Bankruptcy ¶ 362.12[3] (Richard Levin & Henry J. Sommer eds., 16th ed. 2019) ("There is little reason to adopt a tortured reading of the statute in order to provide corporate or partnership debtors or trustees with a remedy for stay violations."); cf. Spookyworld, Inc. v. Town of Berlin (In re Spookyworld), 346 F.3d 1, 8 (1st Cir. 2003) (holding that "corporations cannot sue under section 362[k] to obtain damages for violation of the automatic stay").

The Trustee's exclusion from section 362(k) does not end the matter, however, since the Court may independently punish violations of the automatic stay under section 105. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); In re Spookyworld, 346 F.3d at 8; In re Morgenstern, 542 B.R. at 659; In re Howard, 428 B.R. 335,

[8]

339-40 (Bankr. W.D. Pa. 2010). Thus, the Trustee states a claim for violation of the automatic stay even without invoking the authority of section 362(k).

Finally, Liberty argues that the Trustee cannot prove any damages resulting from the alleged violation of the automatic stay. This argument fails because the Trustee has alleged damages, Adv. Compl. ¶¶ 141-148, and the Court must accept these allegations as true for purposes of this motion. Moreover, the lack of damages cannot be a basis for dismissal here since the Court is not required to order damages under section 105, see Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 444-45 (1st Cir. 2000) (discussing various equitable remedies available to the Court under section 105).

### III. CONCLUSION

For the reasons given above, the Court DENIES the motions to dismiss of the D&O Defendants, ECF Nos. 58, 59, and Liberty, ECF No. 61.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE