UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

```
_____
                                    )
In re FIDDLER GONZALEZ &            )
RODRIGUEZ, P.S.C.                   )
                Debtor.             )
                                    )
NOREEN WISCOVITCH-RENTAS, as        )
Chapter 7 Trustee                   )
                                    )
                Plaintiff,          )
                                    )
        v.                          )    CIVIL ACTION
                                    )    NO. 19-01651-WGY
LIBERTY MUTUAL INSURANCE COMPANY,   )
AON RISK SOLUTIONS OF PUERTO RICO,  )
INC., JOSE ACOSTA-GRUBB, JOSE       )
JULIAN ALVAREZ, CHARLES A.          )
BIMBELA, PEDRO MANZANO-YATES,       )
EDUARDO NEGRON-NAVAS, RICARDO L.    )
ORTIZ-COLON, JOSE A. SILVA-COFRESI, )
JOSE A. SOSA-LLORENS, VIVIAN REYES, )
CONJUGAL PARTNERSHIP ACOSTA-REYES,  )
MARY DEAL, CONJUGAL PARTNERSHIP     )
ALVAREZ-DEAL, WALESKA MORA-ALDEBOL, )
CONJUGAL PARTNERSHIP                )
BIMBELA-ALDEBOL, CARMEN JUARBE,     )
CONJUGAL PARTNERSHIP                )
MANZANO-JUARBE, EMILY AREAN,        )
CONJUGAL PARTNERSHIP AREAN-NEGRON,  )
MARIA SANTOS, CONJUGAL PARTNERSHIP  )
SANTOS-ORTIZ, JUAN C. PEREZ-OTERO,  )
JANE DOE, CONJUGAL PARTNERSHIP      )
PEREZ-DOE, JANET NAVARRETE,         )
CONJUGAL PARTNERSHIP                )
SILVA-NAVARETTE, DIANA LOZANO,      )
CONJUGAL PARTNERSHIP SOSA-LOZANO,   )
and MARIA I. SANTOS-RIVERA,         )
                                    )
                Defendants.         )
_____)
```

YOUNG, D.J.*                                       May 5, 2020

---

\* Of the District of Massachusetts, sitting by designation.

**ORDER**

Plaintiff/Counterclaim Defendant Noreen Wiskovitch-Rentas' ("the Trustee") Omnibus Motion to Dismiss Counterclaims filed by Pedro J. Manzano-Yates and Jose A. Silva Cofresi, Omnibus Mot. Dismiss Counterclaim, ECF No. 102, and Omnibus Motion to Dismiss Counterclaims filed by Jose Acosta Grubb and Eduardo Negron Navas and Motion to Strike Demand for Attorneys' Fees, ECF No. 146, are each hereby ALLOWED and the Counterclaims are each dismissed in their entirety without prejudice. These defendants are granted leave to move to amend their counterclaims within thirty days of the entry of this order.[1]

The counterclaims are, in essence, premature malicious prosecution claims. "In general terms, Puerto Rican law does not acknowledge the existence of a civil action for damages as a consequence of a civil suit." Puerto Rican Am. Ins. Co. v. Burgos-Diaz, No. CIV. 01-1186(SEC), 2006 WL 3490943, at *2 (D.P.R. Nov. 29, 2006) (Casellas, J.) (quoting Giménez Alvarez v. Silen Maldonado, 131 D.P.R. 91, 97 (1992)). There is a narrow exception, however, when a plaintiff can demonstrate: "(1) a civil action was instituted (2) maliciously and without probable cause, (3) the case ended favorably to the plaintiff

---

[1] No party argues that considering these counterclaims requires leave from the bankruptcy court, and this Court presumes, without ruling, that no such leave is necessary. See Carroll v. Abide, 788 F.3d 502, 506 (5th Cir. 2015).

[2]

(defendant in the initial civil action) and (4) the plaintiff alleging malicious prosecution sustained damages thereby." Id. Logically, "[a] counterclaim asserting malicious prosecution is premature where the claim relies on the current lawsuit as the predicate for establishing the elements of the tort." Bonilla v. Trebol Motors Corp., 913 F. Supp. 655, 662 (D.P.R. 1995); see Puerto Rican Am. Ins. Co., 2006 WL 3490943, at *3 (ruling that counterclaim for malicious prosecution premature); In re Anderson, 24 B.R. 640, 642 (Bankr. M.D. Tenn. 1982) (dismissing counterclaim for malicious prosecution brought against bankruptcy trustee in adversary proceeding because absence of favorable termination of that proceeding). Notably, "the Puerto Rico Supreme Court [has] been very clear that plaintiffs may not disregard the requirements set by the Puerto Rico Supreme Court in cases for malicious prosecution merely because plaintiffs intend to disguise their counterclaim as something else." TLS Mgmt. & Mktg. Servs. LLC v. Rodriguez-Toledo, No. CV 15-2121 (BJM), 2018 WL 704722, at *2 (D.P.R. Feb. 2, 2018) (citation and quotation omitted).[2]

    As the counterclaims are dismissed, the Court need not, and does not, rule on the remaining arguments made by the

---

[2] The claims for attorneys' fees and/or reservation of rights are also dismissed without prejudice inasmuch as they are apparently dependent upon counterclaims for malicious prosecution.

[4]

Trustee.  These defendants are provided leave to move to amend their counterclaims within thirty days of the entry of this order.

**SO ORDERED.**

_/s/ William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE